UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENTITY PRODUCTION, INC., | ) | CASE NO. 1:15-cv-00241 |
| Plaintiff, | ) ) | JUDGE GAUGHAN |
| vs. | ) ) | |
| PSYCHOPATHIC RECORDS, INC., et al., | ) ) | **CONSENT JUDGMENT AND ORDER FOR PERMANENT INJUNCTION** |
| Defendants. | ) ) ) | |

Plaintiff Entity Production, Inc. ("Plaintiff") has filed herein a Complaint against Defendants Psychopathic Records, Inc. ("Psychopathic"), Joseph Bruce, p/k/a Violent J ("Joseph Bruce"), and Robert Bruce, p/k/a Jumpsteady ("Robert Bruce" and, together with Psychopathic and Joseph Bruce, "Defendants") for monetary and equitable relief. Plaintiff and Defendants have agreed to the entry of this Consent Judgment and Order for Permanent Injunction ("Consent Judgment" or "Order") by the Court to resolve all matters in dispute in this action. Plaintiff and Defendants also acknowledge that they are parties to a Settlement Agreement and Release (the "Settlement Agreement"), and that Plaintiff's release of Defendants depend on the payment of certain monetary payments by Defendants to Plaintiff and the entry of this Order. Defendants have consented to the entry of this Order without trial and have agreed that the entry of this Order by the Court and its filing by the Clerk will constitute notice to them of the terms and conditions of the Order. Plaintiff and Defendants having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

SETTLEMENT AGREEMENT AND RELEASE:8897767_1

8902356 v1

## I. FINDINGS

1. The Complaint seeks permanent injunctive relief against all Defendants for selling infringing works (the "Infringing Works") containing Plaintiff's Copyrighted Recordings (as such term is defined in the Complaint) and Plaintiff's Copyrighted Compositions (as such term is defined in the Complaint).

2. The Complaint also seeks monetary relief for the sale of the Infringing Works.

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendants because Defendants do business in this judicial district and because the claims asserted herein arose in this judicial district.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

6. Venue is also proper in this judicial district under 28 U.S.C. § 1391(a) because there is diversity of citizenship.

8. Defendants have consented to the payment of the monetary payments referenced in the Settlement Agreement and to the permanent injunction contained in this final Order.

9. Defendants have waived all rights to seek judicial review or otherwise challenge or contest the validity of this final Order.

## II. PAYMENTS AND PROHIBITED BUSINESS ACTIVITIES

1. **IT IS ORDERED, ADJUDGED, AND DECREED** that Defendants shall pay to Plaintiff each of the Payments (as such term is defined in the Settlement Agreement) in full and on time.

2. **IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in the Settlement Agreement, Defendants shall provide an accounting to Plaintiff of the number of existing copies of the Infringing Works that Defendants presently have in inventory (the "Existing Inventory"). **IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, except only for selling off and marketing the Existing Inventory through non-digital means, Defendants, each of them, and their respective representatives, partners, shareholders, agents, servants and employees, and all other persons or other entities in active concert or participation with any one of them, who receive actual notice of this Order by personal service or otherwise, directly or through any corporation, subsidiary, division, or other device, shall cease and desist from and shall not further advertise, promote, offer for sale, sell, and/or distribute any product or service containing the Infringing Works, the Copyrighted Recordings (as such term is defined in the Complaint), and/or containing the Copyrighted Compositions (as such term is defined in the Complaint). Defendants shall not manufacture other Infringing Works. Defendants are only permitted to sell the Existing Inventory in a physical form and not through streaming or digital delivery of any kind.

### III. COSTS AND ATTORNEYS' FEES

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiff and Defendants shall bear their own expenses and costs of this action provided that, in the event Plaintiff initiates proceedings to enforce the provisions of this Order (and provided in such case that the Court determines that Defendants violated any term or provision of this Order and/or the Settlement Agreement), Defendants shall jointly and severally pay the costs and attorneys' fees incurred by Plaintiff in connection with proceedings to enforce this Order.

### IV. CONTINUING JURISDICTION

SETTLEMENT AGREEMENT AND RELEASE:8897767_1

8902356 v1

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes.

## V. WAIVER OF DEFENSES AND CLAIMS

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendants have forever waived all defenses and release all known or unknown counterclaims that they have or could have asserted against Plaintiff in this action, whether related to the subject matter of Plaintiff's Complaint or not.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that this case shall be temporarily stayed while Defendants are making the Payments (as such term is defined in the Settlement Agreement) to Plaintiff. Within five (5) business days after Plaintiff's counsel receives the Third Payment (as such term is defined in the Settlement Agreement) on behalf of Plaintiff, Plaintiff shall cause a Notice of Dismissal to be filed with the Court dismissing all claims with prejudice.

## VI. ENTRY BY CLERK

There being no just reason for delay, the Clerk of the Court is hereby directed to enter this Order.

Based on advice of competent counsel and after careful consideration of their options for proceeding, Plaintiff and Defendants hereby stipulate and agree to entry of the foregoing Order, which shall constitute a final judgment in this action. This document may be executed in one or more counterparts, including copies of signatures, fax copies, PDF copies via e-mail, or with detachable signature pages, each of which will be deemed to be an original, but all of which together will constitute one and the same instrument and will be effective as if all executed in one unified document.

**SIGNED AND STIPULATED BY:**

DATED: December 15, 2015

_____
Entity Production, Inc.
By: Edward Douglas, President

**SIGNED AND STIPULATED BY:**

DATED: December 15, 2015

Mark E. Avsec (0064472)
mavsec@beneschlaw.com
Julie R. Fenstermaker (0080113)
jfenstermaker@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
200 Public Square, Suite 2300
Cleveland, Ohio 44114
Telephone: (216) 363-4500
Facsimile: (216) 363-4588

*Attorneys for Plaintiff
Entity Production, Inc.*

DATED: December 17, 2015

William D. Beyer (0027880)
wbeyer@wfblaw.com
**WULIGER, FADEL & BEYER, LLC**
1340 Sumner Ave.
Cleveland, Ohio 44115
Telephone: (216) 781-7777
Facsimile: (216) 781-0621

*Attorneys for Defendants Psychopathic Records,
Inc., Robert Bruce, and Joseph Bruce*

DATED: December 14, 2015

Psychopathic Records, Inc.
By: its authorized representative

Print name and title: __William Dail, President__

DATED: December 15, 2015

Robert Bruce, an individual

SETTLEMENT AGREEMENT AND RELEASE:8897767_1

8902356 v1

DATED: December 15, 2015

_____
Joseph Bruce, an individual

**IT IS SO ORDERED.**

Dated this __16th__ day of __December__ 2015.

/s/ Patricia A. Gaughan
_____
UNITED STATES DISTRICT JUDGE